**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROLLAND G. BERRETH,

Petitioner-Appellant,

v.

DAVID R. MCKUNE; ATTORNEY
GENERAL OF KANSAS,

Respondents-Appellees.

No. 99-3118
(D.C. No. 97-CV-3211)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and requested a certificate of appealability from the district court. The district court denied petitioner's request for a certificate appealability and dismissed his habeas petition as procedurally barred. Petitioner appeals the dismissal of his habeas petition and asks that we issue a certificate of appealability. Because petitioner has not made "a substantial showing of the denial of a constitutional right," we deny his application for a certificate of appealability and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

Petitioner was convicted in Kansas state court of aggravated kidnaping and aggravated sodomy. He appealed his conviction to the Kansas Court of Appeals, and that court affirmed his conviction on January 10, 1997. Five days before the time for seeking review from the Kansas Supreme Court expired, petitioner filed a motion for an extension of time in which to file his petition for review. After the time for seeking review had expired, petitioner filed his petition for review. On March 24, 1997, the Kansas Supreme Court denied the motion for extension of time and denied the petition for review.

A federal habeas petitioner is required to exhaust all available state remedies before seeking federal habeas review. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Under Kansas law, petitioner had the right to raise his federal claims before the Kansas Supreme Court and, therefore, he was required

to present his claims to that court before seeking federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner's failure to perfect a timely appeal to the Kansas Supreme Court constituted a procedural default of his claims. Although he has met the technical requirements of exhaustion in that there are no state remedies any longer available to him, *see Coleman*, 501 U.S. at 732, "the procedural default bars federal habeas review of the claims," *Andrews v. Deland*, 943 F.2d 1162, 1188 (10th Cir. 1991) (quotation omitted). It is clear that the Kansas Supreme Court refused to hear petitioner's claims because he did not file a timely petition for review, an independent and adequate state ground. *See Ballinger v. Kerby*, 3 F.3d 1371, 1374 (10th Cir. 1993). Consequently, petitioner can obtain federal habeas review only if he can establish cause for the procedural default and prejudice resulting therefrom, or that failure to consider his claims "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

The district court ordered petitioner to show cause why his habeas petition should not be dismissed as procedurally barred on account of his state procedural default. In his response to the district court's order, petitioner did not assert any cause for failing to comply with the state procedural rule. In his amended habeas petition, however, petitioner stated that his attorney did not seek a timely review from the Kansas Court of Appeals' decision. Petitioner further stated that

> [p]etitioner was not notified of this adverse ruling by the Kansas
> Court of Appeals, and not until after 25 days had elapsed, leaving

petitioner with only 5 additional days to seek different counsel to perfect a timely review. Petitioner's family members [paid] appellant counsel $20,000.00 to perfect his appeal, but counsel refused to seek review by the Kansas Supreme Court without additional payment of an additional $1,500.00. Appellant counsel never moved the court to have different counsel assigned and petitioner never waived his rights to have the Kansas Supreme Court review the unfavorable decision made by the Kansas Court of Appeals. Petitioner is entitled to counsel as a matter of right on direct appeal.

Dist. Ct. R., Second Amended Complaint at 6. Construing petitioner's pleadings liberally because he appears *pro se*, the district court considered these statements as an allegation of ineffective assistance of counsel amounting to cause to avoid the procedural bar.

Initially, we reject the notion that petitioner's counsel was ineffective for failing to file a timely appeal with the Kansas Supreme Court. Petitioner had no constitutional right to counsel on his discretionary appeal to the Kansas Supreme Court. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (relying on *Ross v. Moffitt*, 417 U.S. 600 (1974)); *Foy v. State*, 844 P.2d 744, 744-45 (Kan. Ct. App. 1993). Consequently, petitioner can not claim that his appellate counsel's failure to file a timely discretionary appeal denied him of his right to effective assistance of counsel and was, therefore, cause for his procedural default.

In addition, petitioner stated that his appellate counsel did not notify him of the Kansas Court of Appeals' decision until five days before the time expired for filing a petition for review with the Kansas Supreme Court. If we construe this as

an allegation of ineffective assistance of counsel amounting to cause for his procedural default, we look to the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) to determine whether petitioner received effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).

It does not appear from the record before us, however, that petitioner ever exhausted his independent claim of ineffective assistance of counsel as cause for his procedural default by presenting it to the state courts. *See id.* at 489. Even though it appears this independent claim has not been exhausted, we address it on the merits because it is clear that petitioner suffered no prejudice and, therefore, did not receive ineffective assistance of counsel. *See Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 569 (10th Cir. 2000) (citing 28 U.S.C. § 2254(b)(2) for proposition that "unexhausted claim may be denied on its merits"). To show ineffective assistance of counsel, petitioner must establish that his attorney's performance fell below an objective standard of reasonableness and that the deficiency prejudiced his defense. *See Strickland*, 466 U.S. at 687-88. Even if it could be said that counsel's failure to notify petitioner of the decision affirming his conviction immediately was objectively unreasonable, which we do not decide, petitioner has not shown prejudice. Petitioner admits he knew of the decision before the time for filing a petition for review with the Kansas Supreme Court expired, and, in fact, petitioner chose to file a motion for extension of time

instead of filing the petition for review. Because petitioner did not receive ineffective assistance of counsel, he has not shown cause for his procedural default, and federal review of his habeas claims is barred. [1]

The application for a certificate of appealability is DENIED, and the appeal is DISMISSED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1] We note that petitioner does not make any allegation or showing of actual innocence to meet the "fundamental miscarriage of justice" exception to procedural bar. *See Andrews*, 943 F.2d at 1186.