(767 P.2d 851)
No. 61,844

DAN LEE ROBINSON, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed January 27, 1989.

*Steven R. Zinn*, supervising attorney, and *Laura Fishman*, legal intern, of Kansas Appellate Practice Clinic, of Lawrence, and *Benjamin C. Wood*, chief appellate defender, of Topeka, for the appellant.

*Steven L. Opat*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ABBOTT, C.J., BRISCOE, J., and R. DAVID LAMAR, District Judge, assigned.

BRISCOE, J.: Dan Lee Robinson appeals the denial of a post-conviction motion filed pursuant to K.S.A. 60-1507 in which he sought to set aside his convictions of aggravated robbery and corruptly influencing a witness. We dismiss the appeal for lack of jurisdiction as untimely filed.

Robinson filed this 1507 motion pro se. He alleged the com-

plaint had incorrectly named him as Danny Robinson although his true name is Dan Lee Robinson. At the hearing on the motion, Robinson, who was then represented by counsel, sought permission to amend his 1507 motion to allege that his plea was not voluntarily given. According to Robinson, he was told by his prior counsel before entering his plea that he would receive a 5-20 year sentence upon the entry of his plea. Robinson was subsequently sentenced to a term of 7-20 years. The State argued that, if the court allowed the amendment, it should dismiss the 1507 motion because the issue of whether Robinson's plea was voluntary had already been determined by the Supreme Court in Robinson's direct appeal. *State v. Robinson*, 233 Kan. 384, 662 P.2d 1275 (1983). The court, after apparently allowing the amendment, held the issue had been determined adversely to Robinson by the Supreme Court and dismissed the petition for lack of jurisdiction.

The sole issue which Robinson seeks to raise on appeal is whether the district court erred in dismissing his 1507 motion. He argues his 1507 motion raised a different issue concerning the voluntariness of his plea than was raised in his direct appeal. According to Robinson, in his direct appeal he argued he was "tricked" into the plea agreement because the prosecutor threatened to invoke the Habitual Criminal Act if he did not enter a guilty plea. In his present 1507 motion, he argues his plea was involuntary because his counsel promised he would receive a lesser sentence than that which the court imposed. Robinson has styled the issue in his 1507 motion as an issue of ineffective assistance of counsel. Before we can address this issue, we must first determine whether this court has jurisdiction.

From the record on appeal, it appears Robinson's appeal from the district court's dismissal of his 1507 motion was untimely filed. The journal entry was filed October 15, 1987, and the notice of appeal was filed December 8, 1987. On January 19, 1988, Robinson filed a motion with this court asking us to treat the notice of appeal as timely filed. K.S.A. 1988 Supp. 60-2103(a) provides that appeals shall be taken within 30 days from the entry of judgment. Robinson concedes his notice of appeal was not filed within the 30-day period, but offers two arguments to support our retaining the appeal. First, he argues the appeal may be saved under the "excusable neglect" provision of 60-2103(a).

Second, he argues that dismissal due to failure of counsel to perfect the appeal would deprive him of the Fourteenth Amendment due process right to effective assistance of counsel. The State does not challenge Robinson's right to appeal this action.

## EXCUSABLE NEGLECT

K.S.A. 1988 Supp. 60-2103(a) provides in part:

*"When and how taken.* When an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be 30 days from the entry of the judgment, as provided by K.S.A. 60-258, and amendments thereto, *except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed."* (Emphasis added.)

While 1507 proceedings are part of the criminal review process, they are civil proceedings governed procedurally by the civil rules. *Stahl v. Board of County Commissioners,* 198 Kan. 623, 627-28, 426 P.2d 134 (1967). See *State v. Thomas,* 239 Kan. 457, 458-59, 720 P.2d 1059 (1986). Since 60-2103(a) is a rule of civil appellate procedure, it follows from the dichotomy of civil and criminal proceedings and the classification of 1507 proceedings as civil proceedings that the "excusable neglect" provision of 60-2103(a) applies to appeals from orders denying relief under 60-1507.

A party's ability to learn of the entry of judgment is a further reason for applying the "excusable neglect" provision of 60-2103(a) to appeals from orders denying relief under 60-1507, but not to criminal appeals. Our Supreme Court has clearly rejected the contention that 60-2103(a) and its "excusable neglect" provision apply to criminal appeals. *State v. Moses,* 227 Kan. 400, 403-04, 607 P.2d 477 (1980). According to the court in *Moses,* there can be no "excusable neglect based on a failure of a party to learn of the entry of judgment" in criminal cases because the defendant will either be present personally or represented by counsel. Therefore, the defendant in a criminal case may never claim "excusable neglect" based upon failure to learn of the entry of judgment. In 1507 proceedings, however, the petitioner is required to be present only when there are substantial issues of fact as to events in which he participated, and counsel need not be appointed unless there are substantial issues of law or triable issues of fact. Rule 183(h), (i) (1988 Kan. Ct. R. Annot.

108). Therefore, it is possible that a 1507 motion may be denied in summary fashion without the presence of counsel or petitioner. As a result, petitioner could fail to timely learn of the judgment. We conclude for this additional reason that the "excusable neglect" provision of 60-2103(a) does apply to appeals from orders denying relief under 60-1507.

Although the "excusable neglect" provision applies, it does not save Robinson's appeal in this case. The statute provides that the district court may extend the time for appeal. Here, the record does not indicate that a motion for extension of time was filed with the district court. Instead, the motion was filed with this court over a month after the notice of appeal was filed. Robinson concedes these facts but contends that, in view of the State's refusal to oppose the motion and its agreement with the facts which Robinson contends support a finding of "excusable neglect," this court should make the finding of "excusable neglect." We do not agree. The statute clearly provides that it is the district court, not this court, which is authorized to extend the time for appeal. Robinson's failure to follow the clear provisions of the statute precludes relief.

Robinson's appeal should be dismissed because he has not shown "excusable neglect based on a failure of a party to learn of the entry of judgment." According to Robinson, counsel prepared and filed the journal entry but, due to delays in filing the final journal entry, the notice of appeal was not filed at the same time and that failure to timely file the notice of appeal constituted excusable neglect. Petitioner does not argue that failure to perfect the appeal was due to his failure to learn of the judgment. Counsel's delay in filing a journal entry and his failure to then file a timely notice of appeal are not within the definition of "excusable neglect" contained in the statute. Therefore, 60-2103(a) does not save Robinson's untimely appeal.

## DUE PROCESS RIGHT TO EFFECTIVE ASSISTANCE
### OF COUNSEL

Robinson contends he is entitled under the Fourteenth Amendment to effective assistance of counsel on his appeal from the denial of his 1507 motion. According to Robinson, if he is denied his right to appeal because of failure of counsel to perfect his appeal, he will be denied his due process right to effective assistance of counsel.

Robinson relies primarily upon *Evitts v. Lucey*, 469 U.S. 387, 83 L. Ed. 2d 821, 105 S. Ct. 830 (1985), to support his argument. In that case, the Supreme Court held the dismissal of a criminal defendant's *direct appeal* violated the defendant's due process rights when the dismissal was the result of ineffective assistance of counsel. In *Evitts*, defendant's retained counsel failed to follow mandatory appellate rules which required the filing of a "statement of appeal" with the appellate court, along with the record on appeal. The Supreme Court based its decision on two lines of cases: (1) cases recognizing the right to counsel on a first appeal as a matter of right; and (2) cases recognizing the right to counsel at trial includes a right to effective assistance of counsel. The Court held a criminal defendant's right to a direct appeal may not be extinguished because another right of the criminal defendant—the right to effective assistance of counsel—has been violated. The Court rejected the argument of the State that, since it need not provide an appeal in the first place, it could cut off a defendant's appeal without violating the due process clause. According to the Court, "[W]hen a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution— and, in particular, in accord with the Due Process Clause." *Evitts*, 469 U.S. at 401.

Kansas cases also recognize that a direct appeal from a conviction will not be dismissed as untimely if a defendant was not informed of his right to appeal, was not furnished an attorney to perfect an appeal, or was furnished an attorney for that purpose who failed to perfect and complete an appeal. *State v. Ortiz*, 230 Kan. 733, Syl. ¶ 3, 640 P.2d 1255 (1982); *Brizendine v. State*, 210 Kan. 241, 243-44, 499 P.2d 525 (1972).

Robinson contends the same exception allowing an untimely appeal in direct appeals should apply to appeals in post-conviction 1507 proceedings. According to Robinson, although a 1507 proceeding is civil in nature, it is recognized that it is part of the criminal appeals process for purposes of the right to counsel. Robinson also contends that, although the State need not provide post-conviction relief, under *Evitts* once it acts in this area it must comply with the due process clause, which requires effective assistance of counsel. Therefore, a petitioner may not be denied an appeal in a 1507 proceeding because of counsel's failure to perfect the appeal.

In *Pennsylvania v. Finley,* 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), the Supreme Court held that, in collateral post-conviction proceedings, an indigent is not entitled to the full procedural protection of effective assistance of counsel as in criminal trials and the first appeal as of right. In *Finley,* the issue was whether the procedure for withdrawal of appellate counsel prescribed in *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), applies to post-conviction proceedings. In refusing to apply the *Anders* protections to post-conviction proceedings, the Court first recognized that prisoners have no constitutional right to counsel when mounting collateral attacks to their convictions. The Court concluded that, since the prisoner had no underlying constitutional right to appointed counsel in state post-conviction proceedings, she had no constitutional right to insist on the *Anders* procedures which were designed solely to protect those rights.

The *Finley* Court rejected the argument based on *Evitts* that, although the State need not grant a prisoner access to counsel on post-conviction review, once it has done so the due process clause requires compliance with *Anders.* First, the Court noted the substantive holding of *Evitts*—that the State may not cut off a right to appeal because of a lawyer's ineffectiveness— depends on a constitutional right to appointed counsel that does not exist in state habeas corpus proceedings. Second, the Court found that, assuming due process did apply, petitioner in that case was not deprived of her rights as she received the assistance of counsel guaranteed to her under state law.

Applying the principles of these cases to the issue at hand, we conclude Robinson's rights under the due process clause of the Fourteenth Amendment are not violated when his appeal from the dismissal of his 1507 motion is dismissed due to failure of counsel to timely perfect the appeal. As observed in *Finley,* the holding of *Evitts* depends on a constitutional right to counsel which does not exist in state post-conviction proceedings. See *Johnson v. Avery,* 393 U.S. 483, 488, 21 L. Ed. 2d 718, 89 S. Ct. 747 (1969). In *Evitts,* the constitutional right to effective assistance of counsel compelled the Court to hold that an appeal may not be cut off due to ineffective assistance of counsel. Here, there is no right to counsel; therefore, Robinson cannot save his

untimely appeal from the dismissal of his 1507 motion by claiming ineffective assistance of counsel.

*Wainwright v. Torna*, 455 U.S. 586, 587-88, 71 L. Ed. 2d 475, 102 S. Ct. 1300 (1982), is analogous to the present case. There, the Florida Supreme Court dismissed an application for writ of certiorari because it was not timely filed. Respondent claimed he had been denied effective assistance of counsel by failure of retained counsel to timely file the application for certiorari. The United States Supreme Court held that, because a criminal defendant has no constitutional right to counsel in a discretionary appeal, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to timely file the application. See *Evitts*, 469 U.S. at 396 n.7.

In *Finley*, the Court reasoned that, since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal to review his conviction, a fortiori, he has no such right when attacking a conviction that has become final. The Court also observed that post-conviction relief is even further removed from the criminal trial than discretionary review, that it is not part of the criminal proceedings, and that it is in fact civil in nature. Therefore, it would follow that, if as held in *Wainwright* there is no denial of effective assistance of counsel for failure to timely file a discretionary appeal, there could be no denial of effective assistance of counsel for failure to timely file an appeal in post-conviction proceedings.

The Kansas cases allowing an untimely appeal do not compel a different result. Those cases involve appeals of right from convictions which, under *Finley*, are distinguishable from post-conviction proceedings. *Brizendine*, 210 Kan. at 243-44.

Appeal dismissed.