(844 P.2d 744)
No. 67,721

WILLIAM A. FOY, *Appellant*, v. STATE OF KANSAS, *Appellee.*

Opinion filed January 8, 1993.

*Thomas Jacquinot*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*David Lowden*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before LARSON, P.J., LEWIS, J., and BARRY A. BENNINGTON, District Judge, assigned.

LARSON, J.: William A. Foy appeals the summary denial of his K.S.A. 60-1507 motion.

Foy pled guilty on January 9, 1989, to one count of attempted indecent liberties with a child. Foy was sentenced to a term of 3 to 10 years. Our court affirmed Foy's sentence in an unpublished opinion, *State v. Foy*, No. 63,871, filed July 20, 1990.

On appeal from the denial of his K.S.A. 60-1507 motion, Foy contends his appointed counsel was ineffective for failing to inform him that he had an option to seek review in the Kansas Supreme Court of this court's decision to affirm his sentence; he was denied his due process right of access to this state's appellate courts; and the trial court erred in denying his motion without appointing counsel and conducting an evidentiary hearing.

Review by the Kansas Supreme Court of the Court of Appeals' decision to affirm Foy's sentence was discretionary. See K.S.A. 20-3018(b); K.S.A. 22-3602(d); Supreme Court Rule 8.03 (1992 Kan. Ct. R. Annot. 41). In *Wainwright v. Torna*, 455 U.S. 586, 587-88, 71 L. Ed. 2d 475, 102 S. Ct. 1300 (1982), the United

States Supreme Court held that because a criminal defendant has no constitutional right to counsel in a discretionary appeal, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to timely file an application for review in the Florida Supreme Court of the Court of Appeals' decision to affirm his convictions. See *Robinson v. State*, 13 Kan. App. 2d 244, 250, 767 P.2d 851, *rev. denied* 244 Kan. 738 (1989).

As Foy had no constitutional right to counsel to pursue a discretionary appeal to the Kansas Supreme Court, he is not deprived of the effective assistance of counsel by his appointed counsel's failure to file a petition for review or the failure of such counsel to inform Foy he had the option of seeking discretionary review.

Foy's contention that he was denied his due process right of access to the appellate courts was not raised in his K.S.A. 60-1507 motion and cannot be raised for the first time on appeal. See *State v. Roberts*, 14 Kan. App. 2d 173, 180, 786 P.2d 630, *rev. denied* 246 Kan. 770 (1990). In light of the foregoing, however, this contention, which flows from Foy's allegation of ineffective assistance of counsel, has no merit.

It is well established that when no substantial issue of fact or question of law is raised by a K.S.A. 60-1507 motion, the trial court is not required to appoint counsel or hold an evidentiary hearing. *Rhone v. State*, 211 Kan. 206, 208, 505 P.2d 673 (1973). See *Wright v. State*, 5 Kan. App. 2d 494, 495-96, 619 P.2d 155 (1980). The trial court did not err by summarily denying Foy's motion.

Affirmed.