(83 P.3d 249)

No. 89,886

EDRICK McCARTY, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed January 30, 2004.

*Libby K. Snider*, assistant appellate defender, for the appellant.

*Kristi L. Barton*, assistant district attorney, *Nola Foulston*, district attorney, and *Phill Kline*, attorney general, for the appellee.

Before GREENE, P.J., LEWIS and MALONE, JJ.

LEWIS, J.: Movant Edrick McCarty was originally convicted of attempted aggravated robbery and first-degree murder in April 1999. He was sentenced to life imprisonment on the murder charge and 136 months' imprisonment on the attempted aggravated robbery charge. He appealed his convictions, and they were affirmed in *State v. McCarty*, 271 Kan. 510, 23 P.3d 829 (2001).

Movant next filed this action, seeking relief under K.S.A. 60-1507. Among other things, movant claims he received ineffective assistance of trial counsel. He alleged he received ineffective assistance of trial counsel because the State had offered a plea that would have resulted in movant being incarcerated for 11 years, but his attorney told him the plea would cause him to be incarcerated for 36 years. First of all, we are aware of no statute which would impose a sentence of only 11 years for a charge of aggravated robbery and first-degree murder. We rather doubt movant's allegations.

The trial court did hold a nonevidentiary hearing and held there was no unprofessional conduct by trial counsel, and the motion was supported by conclusory allegations only, and the trial court summarily dismissed it. This appeal followed.

On this appeal, the only issue is whether movant received ineffective assistance of counsel during his nonevidentiary hearing on his 60-1507 motion. We hold that movant may not raise this issue under the circumstances and affirm the trial court's decision on the basis that movant has no right to make a claim of ineffective assistance of counsel under the circumstances of this case.

The law of Kansas is rather clear on this issue. In *Holt v. Saiya*, 28 Kan. App. 2d 356, 362, 17 P.3d 368 (2000), we said: "Kansas law is clear that in collateral post-conviction proceedings, *an inmate does not have a constitutional right to counsel and without a constitutional right, there can be no claim of ineffective assistance of counsel*." (Emphasis added.) See also *Foy v. State*, 17 Kan. App. 2d 775, 844 P.2d 744, *rev. denied* 252 Kan. 1091 (1993) (holding

that there is no constitutional right to counsel in discretionary appeals). Since movant had no constitutional right to counsel, he is not able to bring a claim of ineffective assistance of counsel before the court.

Movant acknowledges the cases cited above and the Kansas precedent. However, he asserts those decisions should not control because Kansas has implicated the provisions of the due process clause by voluntarily establishing a procedure for post-conviction relief. He relies on *Evitts v. Lucey*, 469 U.S. 387, 83 L. Ed. 2d 821, 105 S. Ct. 830 (1985), for support of his argument. In *Evitts*, the court held the dismissal of a defendant's appeal violates his or her due process rights when the dismissal was the result of ineffective assistance of counsel. However, in *Evitts*, the right to counsel was limited to "the first appeal as of right." 469 U.S. at 394.

In *Pennsylvania v. Finley*, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), the Court determined that an indigent defendant did not have the right to counsel in a collateral postconviction proceeding. The Court further held that because an indigent does not have the right to counsel in these circumstances, he or she is not entitled to the protections provided for in the procedure for withdrawal as counsel for an indigent defendant set forth in *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). Additionally, the Court rejected an argument that *Evitts* required the State to ensure an inmate receives the same level of protection by his or her counsel during a collateral postconviction proceeding as he or she would have had on direct appeal. 481 U.S. at 557-58. Furthermore, the Court determined that the State was not required to make the choice of providing no counsel or abiding by the strict procedures set forth in *Anders*. 481 U.S. at 559.

This court has already analyzed the effect of *Evitts* and *Finley* in *Robinson v. State*, 13 Kan. App. 2d 244, 248-49, 767 P.2d 851, *rev. denied* 244 Kan. 738 (1989). In its analysis, the *Robinson* court analogized its case to *Wainwright v. Torna*, 455 U.S. 586, 587-88, 71 L. Ed. 2d 475, 102 S. Ct. 1300 (1982). In discussing *Wainwright*, the court in *Robinson* stated:

"There, the Florida Supreme Court dismissed an application for writ of certiorari because it was not timely filed. Respondent claimed he had been denied effective assistance of counsel by failure of retained counsel to timely file the application for certiorari. The United States Supreme Court held that, because a criminal defendant has no constitutional right to counsel in a discretionary appeal, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to timely file the application. [Citation omitted.]" 13 Kan. App. 2d at 250.

This case is controlled by our decision in *Robinson v. State*, 13 Kan. App. 2d at 250, where we said that a movant did not receive ineffective assistance of counsel by his or her counsel's failure to file a timely appeal of the denial of a 60-1507 motion because the movant did not have the constitutional right to counsel. In addition, the court has already recognized the difference between the statutory right to counsel and a constitutional right to counsel. See *Holt v. Saiya*, 28 Kan. App. 2d at 362. A statutory right to counsel does not create the constitutional right necessary for a 60-1507 claim. In order to be able to maintain an action for ineffective assistance of counsel, an inmate must show that his or her counsel's actions were so deficient that the inmate was deprived of the counsel guaranteed by the Sixth Amendment to the United States Constitution. If there is no constitutional right to counsel guaranteed, then an inmate cannot maintain an ineffective assistance of counsel claim. In the present case, movant was not guaranteed counsel in his 60-1507 motion by the Sixth Amendment, and his arguments concerning ineffective assistance of counsel are without merit.

We will discuss briefly the statutory right to counsel in Kansas.

K.S.A. 2002 Supp. 22-4506(b) requires the court to appoint counsel to an indigent inmate on a 60-1507 motion "[i]f the court finds that the petition or motion presents substantial questions of law or triable issues of fact." Inasmuch as the trial court in this case found that the record conclusively showed that movant was not entitled to relief, we do not believe that K.S.A. 2002 Supp. 22-4506(b) applies, and he had no right to counsel even under our statutory procedures.

In *Holt v. Saiya*, we recognized the statutory right to counsel created by 22-4506(b). We stated in that case: "Kansas law is clear that in collateral post-conviction proceedings, an inmate does not

have a constitutional right to counsel and without a constitutional right, there can be no claim of ineffective assistance of counsel." 28 Kan. App. 2d at 362.

In Kansas, we have provided a statutory right to counsel through 22-4506(b) since 1969. This particular law existed well before the decisions in *Robinson, Foy,* and *Holt.* Despite the existence of the Kansas statutory right to counsel, we have consistently held that a person cannot bring an ineffective assistance of counsel claim against his or her K.S.A. 60-1507 counsel under that statute because it does not create a constitutional right to counsel in postconviction proceedings.

For those reasons, movant has no right to bring an ineffective assistance of counsel claim, and we affirm the trial court's decision denying his 60-1507 motion.

Affirmed.

GREENE, J., dissenting: I respectfully dissent from that portion of the majority opinion that concludes that there can be no ineffective assistance of counsel claim against counsel appointed for postconviction proceedings pursuant to K.S.A. 2002 Supp. 22-4506(b). I recognize that this conclusion appears to be buttressed by the decision of a panel of our court in *Holt v. Saiya,* 28 Kan. App. 2d 356, 362, 17 P.3d 368 (2000), which stated that "Kansas law is clear that in collateral post-conviction proceedings, an inmate does not have a constitutional right to counsel and without a constitutional right, there can be no claim of ineffective assistance of counsel." Notwithstanding this claim of "clear" law, our Supreme Court has not had occasion to address the issue.

With due respect to the *Saiya* panel, it appears to me that we may have too quickly applied federal law addressing whether there is a *constitutional* right to effective assistance of counsel; such decisions are not necessarily instructive and certainly not controlling when addressing the *statutory* right to counsel in Kansas postconviction proceedings. The reason that there is no basis for a claim of ineffective assistance of counsel in some states and in the federal system is that there is no right to counsel in such proceedings. As stated in *Saiya,* "[i]f there is no right to counsel, there can be no

claim of ineffective assistance of counsel." 28 Kan. App. 2d at 363. In Kansas, however, there is a *statutory* right to counsel, and the rationale of the decisions cited in *Saiya* becomes wholly inapplicable. Moreover, our decisions prior to *Saiya* appear to have been prone to the same error. See *Foy v. State*, 17 Kan. App. 2d 775, 776, 844 P.2d 744, *rev. denied* 252 Kan. 1091 (1993); *Robinson v. State*, 13 Kan. App. 2d 244, 249, 767 P.2d 851, *rev. denied* 244 Kan. 738 (1989).

The proper analysis of the issue should include a determination of legislative intent in K.S.A. 2002 Supp. 22-4506(b), which provides:

"If the court finds that the petition or motion presents substantial questions of law or triable issues of fact and if the petitioner or movant has been or is thereafter determined to be an indigent person as provided in K.S.A. 22-4504 and amendments thereto, the court *shall* appoint counsel from the panel for indigents' defense services or otherwise in accordance with the applicable system for providing legal defense services for indigent persons prescribed by the state board of indigents' defense services . . . ." (Emphasis added.)

Granted, the statute does not expressly require "competent" or "effective" counsel, but it is difficult if not impossible to argue that the legislature was entirely indifferent to the quality of services provided; mandatory appointment of legal counsel surely presumes some modicum of competence—if not, the legislative mandate would appear rather meaningless if not a mockery of justice. Moreover, the legislative intent for such services to be reasonably competent is manifested by K.S.A. 2002 Supp. 22-4522, which authorizes the Kansas Board of Indigents' Defense Services to adopt rules and regulations establishing "qualifications, standards and guidelines for public defenders, appointed counsel and contract counsel." K.S.A. 2002 Supp. 22-4522(e)(4). I would find that these statutes contemplate that the legal services required in these circumstances should be reasonably competent and effective, and if in a given case the services provided fail to demonstrate some reasonable modicum of competence, the indigent should have a claim for ineffective assistance of counsel. Whether the standards and test for effectiveness should be on a par with the constitutional

standards of *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984) remains to be determined.

For this court to recognize that an indigent has a statutory right to counsel, but then refuse to require some modicum of competence by such counsel, seems repugnant to the obvious legislative intent. I respectfully disagree with the holding and rationale of *Saiya*, so I must part company from my brethren in the majority, notwithstanding my respect for their reliance upon *stare decisis*. I would hold that when a district court deems the threshold requirements of K.S.A. 2002 Supp. 22-4506 and Rule 183 (2003 Kan. Ct. R. Annot. 213) have been met and counsel has been appointed, the services provided must be reasonably competent and effective, and if they are not, I would recognize a claim for ineffective assistance of counsel.

I would remand for an evidentiary hearing where the merits of McCarty's claims of ineffective assistance of his postconviction counsel can be presented and considered by the district court.

MALONE, J., concurring: I concur that the district court's judgment should be affirmed in this case, but not for the reasons stated in the majority opinion.

Initially, I find merit in the argument expressed in the dissenting opinion on the right to effective assistance of counsel in a K.S.A. 60-1507 proceeding. I agree that to recognize that an indigent defendant has a statutory right to counsel, but then to refuse to require some modicum of competence by such counsel, renders the statute meaningless. Although a court was not required to appoint an attorney to represent McCarty, once it did so, McCarty deserved effective representation.

Turning to the merits of McCarty's claim, however, I find absolutely no evidence that his attorney's representation was ineffective. A review of the sparse record provided in this case renders it clear to me that the district court appointed counsel for McCarty and scheduled a preliminary, nonevidentiary hearing to determine whether further proceedings were warranted. After hearing from both counsel, the district court determined that McCarty's claims were conclusory and denied the relief sought in his 1507 motion.

From this record, McCarty argues on appeal that his counsel at the 1507 hearing was ineffective for not calling witnesses necessary to prove McCarty's claim. As stated, the court only conducted a nonevidentiary hearing, at which McCarty was not even present, before summarily denying McCarty any relief.

McCarty is not claiming that the district court erred in summarily denying his 1507 motion. Instead, he is trying to blame the outcome in district court on his attorney. There is no evidence to support the single issue McCarty has raised on appeal, and, accordingly, the district court's judgment should be affirmed.