No. 91,275

CHARLES D. BROWN, *Appellant*, v. STATE OF KANSAS, *Appellee*.
(101 P.3d 1201)

Opinion filed December 3, 2004.

*Randall L. Hodgkinson,* deputy appellate defender, argued the cause and was on the brief for appellant.

*Lesley A. Isherwood,* assistant district attorney, argued the cause, and *Nola Foulston,* district attorney, and *Phill Kline,* attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

NUSS, J.: Charles D. Brown appeals the district court's denial of his motion to file out of time his notice of appeal from the court's earlier denial of his motion for postconviction relief under K.S.A. 60-1507. Our jurisdiction is under K.S.A. 20-3018(c), transfer from the Court of Appeals upon our motion.

The sole issue on appeal is whether the court erred in refusing to allow Brown's appeal to be filed out of time. Because of the unique circumstances of the case, we hold the court erred. Accordingly, we reverse and remand to the district court with instructions to allow the appeal to be filed and to promptly forward the case to the Court of Appeals for review of the denial of Brown's 1507 motion.

FACTS

On March 3, 1998, Brown was convicted of three counts of aggravated criminal sodomy and three counts of aggravated indecent liberties. He timely filed his notice of appeal, and the Court of

Appeals affirmed the district court in an unpublished decision, *State v. Brown*, No. 81,249, filed July 30, 1999.

On July 28, 2000, Brown then filed a pro se motion pursuant to K.S.A. 60-1507 alleging ineffective assistance of trial counsel. Specifically, he claimed evidence of his victim's prior sexual abuse should not have been excluded under the rape shield statute. In September 2000, the district court appointed the regional public defender's office to represent Brown on his 1507 action. Attorney Shawn Elliott was assigned the representation and participated in the hearing on December 8, 2000, where the district court denied the 1507 motion. The district court held that Brown's allegation of ineffective assistance of counsel either involved mere trial error that should have been or was raised on direct appeal or lacked adequate support to warrant a hearing. The journal entry denying the relief was filed on June 26, 2001.

Over 2 years later, on June 30, 2003, Brown wrote a letter to the Commission on Judicial Qualifications (Commission) complaining that the original trial judge had taken no action on the 1507 motion he had filed approximately 3 years before. The Commission's response and a series of letters throughout the balance of the summer established that Brown had been unaware of Elliott's assignment as his counsel; of the December 8, 2000, hearing; of the denial of his motion; and of his right to appeal. Elliott conceded after reviewing his file that it appeared he had "failed to . . . inform Mr. Brown of the outcome of his hearing and his appeal rights."

On August 26, 2003, Elliott filed a motion to permit notice of appeal out of time on Brown's behalf. That same day, Brown mailed a similar pro se motion and his notice of appeal out of time, which were timely filed. On September 3, 2003, the district court heard arguments and denied the motion, citing *Robinson v. State*, 13 Kan. App. 2d 244, 767 P.2d 851, *rev. denied* 244 Kan. 738 (1989). Brown promptly filed his notice of appeal.

ANALYSIS:

Brown essentially argues that because his appointed counsel failed to timely inform him of his right to appeal under K.S.A. 60-1507(d), he should be allowed to file the appeal out of time pur-

suant to notions of due process and fundamental fairness and per *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). Among other things, the State argues in response that *Ortiz* does not apply; that there is no constitutional right to effective assistance of counsel in 1507 motions; that *Robinson v. State*, 13 Kan. App. 2d 244, controls; and that although there is a statutory right to appeal a 1507 motion, it is subject to the deadlines contained in K.S.A. 2003 Supp. 60-2103 which have long since expired.

We agree with Brown.

We acknowledge that there is no constitutional right to effective assistance of legal counsel on collateral attacks because they are civil, not criminal, actions. See *Pennsylvania v. Finley*, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987); *State v. Andrews*, 228 Kan. 368, 375, 614 P.2d 447 (1980); *Robinson v. State*, 13 Kan. App. 2d 244. For that reason, the *Robinson* court rejected its movant's argument, which is virtually identical to Brown's:

"When appealing the dismissal of a motion filed pursuant to K.S.A. 60-1507, a petitioner has no due process right either to counsel or to the effective assistance of counsel. Therefore, petitioner's due process rights are not violated when his appeal from the dismissal of his 1507 motion is dismissed due to failure of counsel to timely perfect the appeal." 13 Kan. App. 2d 244, Syl. ¶ 4.

As pointed out by Judge Greene's dissenting opinion in *McCarty v. State*, 32 Kan. App. 2d 402, 83 P.3d 249 (2004), however, under certain circumstances Kansas does provide a *statutory* right to counsel on collateral attack. See 32 Kan. App. 2d at 406. K.S.A. 2003 Supp. 22-4506(b) provides:

"If the court finds that the petition or motion [*e.g.*, 1507] presents substantial questions of law or triable issues of fact and if the petitioner or movant has been or is thereafter determined to be an indigent person as provided in K.S.A. 22-4504 and amendments thereto, the court *shall* appoint counsel from the panel for indigents' defense services or otherwise in accordance with the applicable system for providing legal defense services for indigent persons prescribed by the state board of indigents' defense services, *to assist such person . . . .*" (Emphasis added.)

See also *State v. Andrews*, 228 Kan. at 375 ("[O]ur statutes provide that an indigent defendant is entitled to counsel . . . in habeas corpus proceedings and motions attacking sentence under K.S.A. 60-1507.").

Moreover, K.S.A. 2003 Supp. 22-4522(e)(4) suggests certain standards of competence are required for appointed counsel. It provides that the State Board of Indigents' Defense Services "shall . . . adopt rules and regulations . . . for the guidance of appointed counsel . . . including . . . qualifications, standards and guidelines for . . . appointed counsel." As Judge Greene argued in his *McCarty* dissent: "For this court to recognize that an indigent has a statutory right to counsel, but then refuse to require some modicum of competence by such counsel, seems repugnant to the obvious legislative intent." 32 Kan. App. 2d at 408.

Not surprisingly, other jurisdictions agree that some standard is required. In *Cullins v. Crouse*, 348 F.2d 887, 889 (10th Cir. 1965), the Tenth Circuit held:

"Although the right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment, counsel should be appointed in post conviction matters when disposition cannot be made summarily on the face of the petition and record. *When counsel is so appointed he must be effective and competent. Otherwise, the appointment is a useless formality.*" (Emphasis added.)

See *Lozada v. Warden*, 223 Conn. 834, 838, 613 A.2d 818 (1992) (when statute provides for appointment of counsel for an indigent person " 'in any habeas corpus proceeding arising from a criminal matter. . . .' It would be absurd to have the right to appointed counsel who is not required to be competent."); contra *Ex parte Graves*, 70 S.W.3d 103, 114 (Tex. Crim. App. 2002) (statutory right to competent counsel in habeas proceedings concerns only the initial appointment of counsel and continuity of representation rather than the final product of representation).

We agree with the Tenth Circuit: When counsel is appointed by the court in postconviction matters, the appointment should not be a useless formality. In the instant case, appointed counsel failed to notify his client of his appointment and of the hearing. Most important, he failed to notify his client of the denial of the 1507 motion and of Brown's right to appeal by certain deadlines. Counsel's failure to advise his client of the right to appeal — for over 2 years — cannot even meet the most minimal of standards, and the appeal must be allowed. *Cf. State v. Ortiz*, 230 Kan. 733, Syl. ¶ 3, 640 P.2d 1255 (1982) (A late filing of direct criminal appeal is

allowed "in the interest of fundamental fairness only in those cases where a defendant either was not informed of the rights to appeal or was not furnished an attorney to perfect an appeal or *was furnished an attorney for that purpose who failed to perfect and complete an appeal.*" [Emphasis added.]) Accordingly, to the extent *Robinson* and its progeny may hold otherwise, they are overruled. See *McCarty v. State,* 32 Kan. App. 2d 402, 83 P.3d 249 (2004); *Holt v. Saiya,* 28 Kan. App. 2d 356, 17 P.3d 368 (2000).

Although not significant to our analysis, we note that our adoption of the State's position would have left Brown with no remedy whatsoever. This is because Brown has no civil cause of action for legal malpractice against his appointed counsel unless he obtains postconviction relief. *Canaan v. Bartee,* 276 Kan. 116, Syl. ¶ 2, 72 P.3d 911 (2003). There, Canaan had been convicted of first-degree murder, aggravated robbery, and aggravated burglary, and attempted to establish ineffective assistance of counsel through a 1507 motion. The motion was denied, and we therefore concluded: "Canaan has not been successful in obtaining any form of postconviction relief." 276 Kan. at 132. Consequently, his cause of action for legal malpractice was doomed.

Similarly, in the instant case, if Brown is not allowed to file his appeal out of time, it is impossible for him to obtain postconviction relief. In turn, without that relief, he cannot pursue an action for legal malpractice.

At oral arguments the State also argued that if this court ordered the appeal to be filed out of time, we could additionally decide that the district court correctly rejected the 1507 motion in December 2000. As mentioned previously, the district court held that the motion merely alleged trial error that should have been, or was, raised on direct appeal. See, *e.g., Taylor v. State,* 251 Kan. 272, 276, 834 P.2d 1325 (1992) ("A proceeding under K.S.A. 60-1507 cannot ordinarily be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal."). We decline the State's invitation to review the district court's factual and legal bases for its denial.

Accordingly, the case is reversed and remanded to the district court with instructions to allow the appeal to be filed and to

promptly forward the case to the Court of Appeals for its review of the denial of Brown's 1507 motion.