**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ORVAL NATHAN RAY,

    Petitioner-Appellant,

v.

CHARLES SIMMONS, ATTORNEY
GENERAL OF KANSAS,

    Respondents-Appellees.

No. 04-3290
(03-CV-3006-GTV)
(D. Kan.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Before **SEYMOUR** , **LUCERO** , and **O'BRIEN** , Circuit Judges.

Orval Nathan Ray, a state prisoner proceeding pro se, requests a certificate
of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 habeas
corpus petition. For substantially the same reasons set forth by the district court
in its Order of July 19, 2004, we **DENY** Ray's request for a COA and **DISMISS**.

Following a 1997 jury trial, Ray was convicted of conspiracy to commit
aggravated robbery, aggravated robbery, aggravated burglary, and kidnaping in
Kansas state courts. During state appellate proceedings, the Kansas Court of
Appeals ("KCA") reduced the aggravated robbery and conspiracy to commit
aggravated robbery convictions to the lesser included offenses of robbery and

conspiracy to commit robbery, and affirmed the remainder of the convictions. The Kansas Supreme Court denied further review on March 22, 2000. Ray then sought post-conviction relief in state court pursuant to Kan. Stat. Ann. § 60-1507, which was denied. The KCA affirmed the denial, and Ray's counsel sought to file a petition for review out of time with the Kansas Supreme Court, which it denied.

In January 2003, Ray filed the instant petition in federal district court pursuant to 28 U.S.C. § 2254, raising seven claims encompassing the following: (1) insufficient evidence to support his kidnaping, robbery, and conspiracy to commit robbery convictions; (2) prejudice resulting from the trial court's failure to sever his trial from that of his co-defendant; (3) ineffective assistance of counsel because his counsel failed to contemporaneously object to the admission of three pieces of evidence; (4) violation of his Fifth Amendment right against self-incrimination; (5) violation of his Fourteenth Amendment due process rights by admitting evidence establishing his prior felony conviction despite Ray's willingness to stipulate to the underlying conviction; (6) the state court's erroneous admission of evidence of his prior crimes; and (7) cumulative error.

Ray's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1

(10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Ray to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Under AEDPA, if a claim is adjudicated on the merits in state court, we will grant habeas relief only if that adjudication resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Because the district court denied Ray a COA, he may not appeal the district court's decision absent a grant of COA by this court. After careful review of Ray's application, the district court's order denying relief, and the material portions of the record on appeal, we conclude that Ray's claims are without merit. Accordingly, Ray has failed to make "a substantial showing of the denial of a

constitutional right." § 2253(c)(2).

In response to Ray's allegations of insufficiency of the evidence, the district court determined that the KCA decision on these claims was neither an unreasonable determination of facts or an unreasonable application of the standards for determining sufficiency of the evidence, and denied habeas relief on that basis. We agree. Federal habeas relief does not lie for errors of state law absent a determination that the state court's finding was so arbitrary and capricious as to constitute an independent due process violation. Fields v. Green, 277 F.3d 1203, 1220 (10th Cir. 2002) (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). We conclude that is not the case here.

The district court next ruled that the KCA reasonably concluded that the evidence against Ray and his co-defendant were "similar," and therefore properly determined that Ray had not shown a constitutional deprivation on his severance claim. We agree.

Finally, the district court determined that Ray's claims based on ineffective assistance of counsel, self-incrimination, due process, and the admission of prior crimes were procedurally barred. When a petitioner seeks a COA to review the district court's application of procedural bar, "a COA should issue only when . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

-4-

Federal courts may not review claims defaulted in state court in accordance with an independent and adequate state procedural rule "unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "An independent state procedural ground is 'adequate' if it has been strictly or regularly followed and applied evenhandedly to all similar claims." Rogers, 173 F.3d at 1290 (internal quotation marks and citation omitted).

The district court determined that Ray's ineffective assistance and self-incrimination claims were procedurally defaulted because he untimely appealed the denial of his § 60-1507 (post-conviction relief) motion to the Kansas Supreme Court. It also determined that Ray's due process claims and his objection to the admission of prior crimes were procedurally barred because Ray had failed to comply with Kansas's contemporaneous objection rule, thereby waiving his right to directly appeal these claims.

Ray contends that because Kansas created an exception to the contemporaneous objection rule permitting courts, in exceptional circumstances, to review alleged trial errors affecting constitutional rights, see Kan. Ct. R. 183(c)(3); see also Johnson v. State, 271 Kan. 534, 24 P.3d 92, 93 (Kan.2001);

State v. Sperry, 978 P.2d 933, 948 (Kan. 1999), the rule is not "strictly or regularly followed and applied evenhandedly to all similar claims." Ray fails to argue that specific exceptional circumstances excused the default of his constitutional claims, and therefore fails to show that his case falls within the ambit of this narrow exception. Ray does not establish that Kansas's contemporaneous objection rule is not strictly or regularly followed or that it is not applied evenhandedly to claims similar to those he raises. Jurists of reason would not debate whether the district court was correct in its procedural ruling that the state courts resolved the issues upon independent and adequate state procedural grounds.

Having determined that the procedural default was based on independent and adequate state grounds, the district court next considered whether Ray: 1) showed cause for the default and actual prejudice as a result of the alleged violation of federal law; or 2) demonstrated that failure to consider the claim will result in a fundamental miscarriage of justice, usually evidenced by actual or factual innocence. See Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). To show cause, Ray attempts to rely on his attorney's ineffectiveness at the state post-conviction relief appeal, which can constitute cause only if it is an independent constitutional violation. See Coleman, 501 U.S. at 755. Because Ray had no constitutional right to counsel on appeal from the state post-

conviction relief district court judgment, see Coleman, 501 U.S. at 757, we agree with the district court's conclusion that Ray failed to establish cause for the procedural default.[1]  We also agree that Ray's conclusory claim of actual innocence does not establish the required showing that applying the procedural bar will result in a fundamental miscarriage of justice.

Finally, Ray claims cumulative errors rendered his trial fundamentally unfair.  The district court correctly noted that in a cumulative error analysis, a court may consider only actual errors in determining whether the defendant's right to a fair trial was violated, and may not consider claims that are procedurally defaulted.  (Order at 18).  Because we find no constitutional errors in this review, no prejudicial cumulative error can exist.  See Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003).

---

[1] The Kansas Supreme Court has clarified that the right to counsel under Kan. Stat. Ann. § 60-1507 is statutory, not constitutional, and that therefore "Kansas law is clear that in collateral post-conviction proceedings, an inmate does not have a constitutional right to counsel and without a constitutional right, there can be no claim of ineffective assistance of counsel."  McCarty v. Kansas, 83 P.3d 249, 251, 252 (Kan. 2004);  see also Robinson v. Kansas, 767 P.2d 851 (Kan. 1989) (holding no ineffective assistance of counsel by counsel's failure to file a timely appeal of the denial of a § 60-1507 motion because no constitutional right to counsel).

Ray's application for a COA is **DENIED** and the appeal is **DISMISSED**.

Ray's motion to proceed without prepayment of costs and fees is **GRANTED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge