NOT DESIGNATED FOR PUBLICATION

No. 123,418

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EDRICK L. CASH,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed January 28, 2022. Affirmed.

*Edrick L. Cash*, appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before CLINE, P.J., GREEN, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Edrick L. Cash—an incarcerated person at the El Dorado Correctional Facility—appeals the trial court's summary dismissal of his fourth K.S.A. 60-1507 motion. The trial court found that Cash's motion was untimely and successive, and that Cash failed to establish manifest injustice or exceptional circumstances existed to justify its consideration. Cash seeks various relief on appeal, including reversal of his convictions in case Nos. 99CR391 and 99CR562. But because Cash has failed to show that he is entitled to the requested relief, we affirm the trial court's dismissal.

1

FACTS

The movant changed his name from Edrick Ladon McCarty to Edrick Ladon Cash in February 2021. Because he did this after he filed his brief, his appellant's brief uses his former name "McCarty" throughout. We have recognized his name change and updated it in this case caption.

The State charged Cash with one count of first-degree murder and one count of attempted aggravated robbery in 99CR391. On April 23, 1999, a jury convicted Cash of both charges. The trial court sentenced Cash to life imprisonment for his first-degree murder conviction and to a 136-month imprisonment for his attempted aggravated robbery conviction, running concurrently. Cash appealed, and his convictions were affirmed by our Supreme Court in *State v. McCarty*, 271 Kan. 510, 23 P.3d 829 (2001). The mandate was issued on June 1, 2001.

Cash filed his first K.S.A. 60-1507 motion on June 26, 2002, asserting ineffective assistance of trial counsel and other various claims. The trial court dismissed the motion, and Cash appealed. On January 20, 2004, this court affirmed the dismissal in *McCarty v. State*, 32 Kan. App. 2d 402, 83 P.3d 249 (2004). Cash next filed an application for a writ of habeas corpus under 28 U.S.C. § 2254, which the trial court denied. See *McCarty v. Roberts*, No. 04-3214-JWL, 2005 WL 2367543 (D. Kan. 2005) (unpublished opinion).

Cash filed his second K.S.A. 60-1507 motion in 2006. The trial court denied it as successive and untimely. Cash appealed, and this court affirmed the denial in *McCarty v. State*, No. 98,711, 2008 WL 5401324 (Kan. App. 2008) (unpublished opinion). Cash then filed his third K.S.A. 60-1507 motion in 2009. On October 28, 2009, the trial court denied the motion. Cash did not appeal.

On August 31, 2020, Cash filed his fourth K.S.A. 60-1507 motion, which is the subject of this appeal. Cash's motion raised multiple arguments, including the following:

(1)  His $500,000 bail was excessive, given his age at the time of arrest;

(2)  there were no African Americans on his jury, in violation of his constitutional rights;

(3)  he was not allowed to vote while incarcerated, in violation of his constitutional rights;

(4)  he was prosecuted as an adult, in violation of his constitutional rights; and

(5)  the witness identification of the murder weapon was tainted, in violation of his constitutional rights.

The trial court summarily dismissed Cash's motion, ruling his motion was untimely and successive. The trial court noted that "under any stretching of the jurisprudence," Cash's fourth motion was untimely by nearly a decade. The trial court also ruled that Cash's motion was successive and that he had not established exceptional circumstances existed for it to consider the motion.

Cash timely filed a pro se notice of appeal.

ANALYSIS

*Did the trial court err in summarily dismissing Cash's fourth K.S.A. 60-1507 motion as untimely and successive?*

On appeal, Cash restates the five arguments in his K.S.A. 60-1507 motion and seems to add an argument that the trial court judge violated Kansas Supreme Court Rule 183(b) (2022 Kan. S. Ct. R. at 242) by dismissing his motion as untimely without making manifest injustice findings. Cash listed seven requests for relief, asking for us to do the following:

3

(1) Reverse his convictions in 99CR391 and 99CR562;

(2) if no reversal, vacate his sentences "on any cases over his head";

(3) uphold the United States Constitution;

(4) grant him $300,000 for his wrongful conviction;

(5) exclude him from any parole obligations;

(6) expunge his criminal record; and

(7) allow him to exercise his "rights to pursue life, liberty, and the pursuit of happiness."

The State contends that the trial court's summary dismissal of Cash's motion as untimely and successive was appropriate and asks for us to affirm the trial court's dismissal. When reviewing a trial court's summary dismissal of a K.S.A. 60-1507 motion, this court conducts a de novo review of the motion, files, and records of the case to determine whether they conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

*Timeliness and Manifest Injustice*

A defendant has one year from the date their conviction becomes final to file a K.S.A. 60-1507 motion. K.S.A. 2020 Supp. 60-1507(f)(1). At the earliest, Cash needed to file his motion within a year of the Kansas Supreme Court's mandate affirming his convictions—by June 1, 2002. At the latest, Cash needed to file within a year of the dismissal of his third K.S.A. 60-1507 motion—by October 28, 2010. Cash filed his fourth motion well after either deadline, and the trial court correctly classified it as untimely.

As an untimely K.S.A. 60-1507 motion, it could be heard by the trial court only if it was necessary to prevent manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(2). If manifest injustice is not shown, the untimely K.S.A. 60-1507 motion is procedurally barred. See K.S.A. 2020 Supp. 60-1507(f)(3); *State v. Trotter*, 296 Kan. 898, 905, 295

4

P.3d 1039 (2013). For the purposes of finding manifest injustice, this court's inquiry "shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2020 Supp. 60-1507(f)(2)(A). Colorable claims of actual innocence require a showing that it is more likely than not that no reasonable juror would have convicted the defendant in light of new evidence. K.S.A. 2020 Supp. 60-1507(f)(2)(A).

Cash does not seem to put forth a claim of actual innocence on appeal. Rather, he argues that his untimely motion should be heard under the manifest injustice exception because he only recently became competent of his legal rights. Cash asserts that he "previously knew nothing . . . of [his] constitutional rights" and so he "is just now able to raise these issues." But pro se K.S.A. 60-1507 movants, like all other pro se civil litigants, are required to be aware of and follow the rules of procedure. See *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007). And many panels of this court have held that a movant's lack of legal knowledge does not establish manifest injustice. See, e.g., *Martinez v. State*, No. 120,488, 2019 WL 6798971, at *3 (Kan. App. 2019) (unpublished opinion), *rev. denied* 311 Kan. 1046 (2020); *Gaona v. State*, No. 119,244, 2019 WL 1496295, at *4 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. 1061 (2019); *Little v. State*, No. 119,167, 2019 WL 985415, at *4 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. 1062 (2019); *Dupree v. State*, No. 116,693, 2018 WL 1440515, at *4 (Kan. App. 2018) (unpublished opinion). Considering Cash's lack of legal knowledge is the only argument he provides to explain his nearly decade-long delay in filing his K.S.A. 60-1507 motion, he has not made a sufficient showing of manifest injustice. Thus, the trial court properly summarily dismissed Cash's motion as untimely.

*Successive Filings and Exceptional Circumstances*

While the trial court's finding that Cash's motion was untimely was sufficient for summary dismissal, the trial court also dismissed Cash's motion as successive. Kansas

5

courts need not entertain successive motions for similar relief on behalf of the same incarcerated person. K.S.A. 2020 Supp. 60-1507(c); *Trotter*, 296 Kan. at 904. K.S.A. 60-1507(c) bars claims raised in prior motions and claims that could have been raised in prior motions. See *Dunlap v. State*, 221 Kan. 268, 269-70, 559 P.2d 788 (1977). Movants can avoid having successive motions dismissed by establishing that exceptional circumstances existed. Exceptional circumstances are "'unusual events or intervening changes in the law that prevented the defendant [from] raising the issue in a preceding [K.S.A.] 60-1507 motion.'" *Beauclair*, 308 Kan. at 304. Movants carry the burden of showing exceptional circumstances. 308 Kan. at 304.

In the trial court's summary dismissal, the court noted that this is Cash's fourth K.S.A. 60-1507 motion and that his second and third K.S.A. 60-1507 motions were denied as successive. The court further stated the following:

> "[Cash] has not provided the court with any grounds which would cause the court to conclude that there are exceptional circumstances which prevented [Cash] from raising all the alleged trial errors in the first petition or that there has been an intervening change in the law warranting relief [*sic*] 60-1507 relief."

For those reasons, the trial court also denied Cash's motion as successive.

Cash did not make an exceptional circumstances argument below, nor does Cash seem to make an exceptional circumstances argument on appeal. This court liberally construes pro se pleadings to give effect to their content. *State v. Gilbert*, 299 Kan. 797, 798, 326 P.3d 1060 (2014). But even liberally construing Cash's pleadings, he has not carried his burden of showing exceptional circumstances exist. Cash presented no evidence to the trial court establishing that exceptional circumstances warranted consideration of his successive motion. And even if we were to credit Cash's argument that he only recently acquired the legal knowledge to bring these claims as an exceptional

circumstances argument, it does not constitute "unusual events" or "intervening changes in the law" that would have prevented Cash from raising his claims in any of his previous K.S.A. 60-1507 motions. Because Cash has failed to establish exceptional circumstances existed, his K.S.A. 60-1507 motion is procedurally barred, and the trial court properly summarily dismissed it as successive.

Affirmed.