NOT DESIGNATED FOR PUBLICATION

No. 129,059

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EDRICK LADON LUCAS,
*Appellant*,

v.

DAN SCHNURR, Warden,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; DANIEL D. GILLIGAN, judge. Submitted without oral argument. Opinion filed February 13, 2026. Affirmed in part, reversed in part, and remanded with directions.

*Wendie C. Miller*, of Kechi, for appellant.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, for appellee.

Before PICKERING, P.J., SCHROEDER and HURST, JJ.

PER CURIAM: Edrick Ladon Lucas appeals from the district court's summary dismissal of his K.S.A. 60-1501 petition, claiming the district court erred when it failed to transfer his petition to the proper venue. After review, we agree with Lucas and remand the case for the district court to transfer Lucas' petition to the proper venue.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Lucas of attempted aggravated robbery and first-degree murder in 1999. The district court sentenced Lucas to life imprisonment for the murder charge

1

and 136 months' imprisonment for the attempted aggravated robbery charge. On direct appeal, our Supreme Court affirmed his convictions. *State v. McCarty*, 271 Kan. 510, 519, 23 P.3d 829 (2001); see also *McCarty v. State*, 32 Kan. App. 2d 402, 403, 83 P.3d 249 (2004) (appellant using Lucas as last name for this action).

In December 2023, Lucas was paroled. In July 2024, law enforcement officers arrested Lucas for sexual battery. Lucas admitted he committed sexual battery, thereby violating his parole. The Prisoner Review Board revoked Lucas' parole.

In November 2024, Lucas petitioned for K.S.A. 60-1501 relief. Lucas alleged that, under Article 4, Section 2 of the United States Constitution, he was entitled to the right to vote upon his release from prison and that his parole and lifetime registration requirements were void.

The district court found that Lucas was not entitled to register to vote because "'[n]o person convicted of a felony under the laws of any state or of the United States, unless pardoned or restored to his civil rights, shall be qualified to vote.'" Kan. Const. art. 5, § 2. The district court also noted how Lucas' challenge to his lifetime parole dealt with his sentence and would "need to be addressed in a [motion] under K.S.A. 60-1507 in the sentencing district [court]."

The district court summarily dismissed Lucas' K.S.A. 1501 petition, finding he did not challenge the conditions of his confinement and did not present a "situation of shocking, intolerable conduct or continuing mistreatment of a constitutional stature."

Lucas now appeals.

ANALYSIS

*The District Court Did Not Err When It Dismissed Lucas' K.S.A. 60-1501 Petition Based on Lucas' Challenge to the Restoration of His Civil Rights*

*Standard of Review*

An appellate court exercises de novo review of a district court's summary dismissal of a K.S.A. 60-1501 claim. *Denney v. Norwood*, 315 Kan. 163, 175, 505 P.3d 730 (2022).

*Discussion*

To state a claim for relief under K.S.A. 60-1501 and avoid summary dismissal, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f it is apparent from the petition and attached exhibits that the petitioner is entitled to no relief, then no cause for granting a writ exists and the court must dismiss the petition." *Denney*, 315 Kan. at 173; see K.S.A. 60-1503(a).

In his K.S.A. 60-1501 petition, Lucas argues that (1) as a matter of law, once the Prisoner Review Board issued a certificate of release, his civil rights should have been restored; and (2) his release voided his lifetime parole and 15-year registration requirement.

The State refutes that Lucas is entitled relief because Lucas failed to exhaust his administrative remedies. But even if Lucas had exhausted his administrative remedies, he is not entitled to relief for the reasons below.

A.      *As a matter of law, Lucas is not entitled to restoration of his right to register to vote.*

Under K.S.A. 22-3722(b), an inmate on parole may be discharged from parole custody once the inmate's performance of obligations of release for a period of time satisfies the Prisoner Review Board and the Prisoner Review Board determines that "final release is not incompatible with the best interest of society and the welfare of the individual." An inmate may also be discharged once the inmate has reached the end of his or her postrelease supervision period. K.S.A. 22-3722(b). A discharge has "the effect of restoring all civil rights lost by operation of law upon commitment." K.S.A. 22-3722(b).

Lucas contends that, once he was released and completed his prison term, his civil rights should have been restored. But K.S.A. 22-3722(b) does not state that, once an inmate completes his or her prison term, the inmate is discharged. It states an inmate on parole is discharged once the inmate has completed his or her postrelease period or the Prisoner Review Board determines the prisoner should be discharged.

Lucas was released into lifetime parole, but the Prisoner Review Board did not discharge Lucas and restore his civil rights. Here, Lucas did not reach the end of his postrelease supervision period because Lucas had lifetime postrelease supervision. And the Prisoner Review Board did not determine that Lucas should be discharged from parole; it only released Lucas from prison custody. The district court properly found that Lucas was not entitled to restoration of his civil rights.

4

B.      *The district court did not err when it dismissed Lucas' K.S.A. 60-1501 petition based on his right to vote.*

Lucas' civil rights claim did not state "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson*, 289 Kan. at 648. This claim is not proper under either a K.S.A. 60-1501 petition or a K.S.A. 60-1507 motion.

To file a K.S.A. 60-1501 petition, Lucas must "'challenge the mode or conditions of his . . . confinement.'" See *Denney*, 315 Kan. at 172. Instead, Lucas challenges the conditions of his release in 2023. But Lucas is no longer on lifetime parole and must challenge a condition of his *current* confinement. The issue of Lucas' civil rights restoration is an issue of final order of discharge, and Lucas is no longer released. See K.S.A. 22-3722(b).

Further, Lucas' ineligibility to vote is not a condition of his parole or confinement. Rather, because Lucas is a convicted felon, he is ineligible to vote. Under K.S.A. 21-6613, a person convicted of a felony is ineligible "to register as a voter or to vote in any election . . . ." Whether or not Lucas was discharged from parole, because of his status as a convicted felon, he does not have the right to register to vote or to vote in any election in Kansas.

To file a K.S.A. 60-1507 motion, Lucas must challenge his conviction or sentence. See *Denney*, 315 Kan. at 172. Lucas contends that he is entitled to the right to register to vote. But this is not a challenge to his conviction or sentence. Rather, Lucas challenges his status as a convicted felon and his rights as it pertains to his status. On this issue, Lucas is not entitled to relief under K.S.A. 60-1507.

We hold that Lucas is not entitled to relief for his assertion that his civil rights should have been restored under either K.S.A. 60-1501 or K.S.A. 60-1507.

*After Construing Lucas' Challenge to His Sentence as a K.S.A. 60-1507 Motion, the District Court Should Have Transferred the Case to the Proper Venue*

Lucas argues that the district court should have transferred his K.S.A. 60-1501 petition to the district court where he was sentenced because he challenged his sentence. A defendant who challenges his or her sentence proceeds under a K.S.A. 60-1507 motion. K.S.A. 60-1507(a).

The State maintains that the district court properly dismissed Lucas' petition and transfer was not required because Lucas' petition was inadequate and dismissal achieved "judicial economy and efficiency."

A person must file a K.S.A. 60-1507 motion in the sentencing court. *Denney*, 315 Kan. at 172. In contrast, a defendant files a K.S.A. 60-1501 petition in his or her county of confinement. K.S.A. 60-1501(a). In this case, Lucas properly filed his K.S.A. 60-1501 petition in Reno County where he is presently confined.

The district court should have construed Lucas' attack on his sentence as a K.S.A. 60-1507 motion and transferred his case to the sentencing court. The district court acknowledged this in its written order, stating: "Any challenge to the placement on lifetime parole would [be] a challenge to the sentence and would need to be addressed in a [motion] under K.S.A. 60-1507 in the sentencing district [court]." Although, the district court was correct that "[i]t is unclear how the right to immunity is being violated," nevertheless, portions of Lucas' petition are attacking his sentence. His K.S.A. 60-1501 petition should have been construed *in part* as a K.S.A. 60-1507 motion.

The Kansas Supreme Court has held that "[p]ro se pleadings are liberally construed to give effect to the pleading's content rather than the labels and forms used." *State v. Hill*, 311 Kan. 872, Syl. ¶ 3, 467 P.3d 473 (2020). Here, the district court

acknowledged that Lucas' pro se petition was improperly filed as a K.S.A. 60-1501 petition when it was challenging his sentence and should have been filed as a K.S.A. 60-1507 motion.

When a case commences in an improper venue, "the action shall be transferred to a court of proper jurisdiction of any county of proper venue." K.S.A. 60-611. When a K.S.A. 60-1507 habeas action is filed at an improper venue, the district court should transfer the case to the district court in the county where the inmate was sentenced, as opposed to dismissing the case. *Johnson v. Zmuda*, 59 Kan. App. 2d 360, 366, 481 P.3d 180 (2021). Here, the district court should have construed the latter part of Lucas' K.S.A. 60-1501 petition relating to his sentence—his request to void his parole and his offender registration—as a K.S.A. 60-1507 motion and transferred his case to the proper venue rather than summarily dismissing it.

Affirmed in part, reversed in part, and remanded with directions.