NOT DESIGNATED FOR PUBLICATION

No. 114,237

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT D. CARROLL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; DONALD R. NOLAND, judge. Opinion filed November 18, 2016. Affirmed.

*Daniel S. Creitz*, of Pittsburg, for appellant.

*Michael Gayoso, Jr*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*:  The State charged Scott D. Carroll with one count of aggravated indecent liberties with a child, an off-grid felony, and one count of aggravated solicitation of a child, a severity level 5 person felony. After a preliminary hearing, Carrol executed a plea agreement with the State. Carroll would plead guilty to an amended charge of aggravated indecent liberties with a child, a severity level 3 person felony. In exchange, the State would dismiss the second count of aggravated indecent solicitation and recommend a sentence of 180 months in prison.

The district court held a plea hearing on October 19, 2009. At the beginning of the hearing, however, defense counsel Timothy Short told the court that Carroll had changed

1

his mind about the plea and wanted a new attorney. The court had a private discussion with Carroll and Short about Carroll's concerns.

Carroll expressed concern that Short did not believe Carroll's chances of winning at trial were very good. Additionally, Short had not prepared any of Carroll's witnesses. Carroll admitted that his witnesses were essentially character witnesses and would only be able to testify that he was not a child molester and was unlikely to have committed the crimes the State had charged him with. The court noted the testimony of these witnesses would likely be inadmissible at trial. Short also pointed out that while the victim's statements had been inconsistent, Carroll had given an oral and written confession.

The district court told Carroll that Short was a very experienced and competent attorney. It noted the only reason Carroll had presented to dismiss Short was Short's opinion that the evidence against Carroll was overwhelming and, if convicted, Carroll would be sentenced to prison for an off-grid felony. The court stated, however, that any other appointed attorney would almost certainly reach the same conclusion. The court found that Carroll had failed to establish grounds to dismiss Short and granted a recess for Carroll to discuss with Short whether to take the plea or go to trial.

After approximately 30 minutes, all parties returned and Carroll told the district court he had decided to go through with the plea agreement. Carroll told the court he had been talking about the plea agreement with Short over the last couple of months even though he had changed his mind earlier that day. Carroll confirmed to the court that he understood the terms of the agreement and agreed the evidence presented at the preliminary hearing provided a sufficient factual basis to support the charge against him. The court accepted his no contest plea and found him guilty of aggravated indecent liberties with a child.

Several weeks later, Carroll wrote a letter to the judge reiterating his concerns that Short had failed to properly prepare his case for trial. Short subsequently filed a motion to

2

withdraw as counsel. The court granted Short's motion and appointed Mark Fern to represent Carroll. A month later, Fern filed a motion to withdraw because Carroll was not satisfied with his representation. The district court denied the motion, noting it had already appointed two competent attorneys for Carroll.

On February 19, 2010, Fern filed a motion to withdraw Carroll's guilty plea. The motion stated that Carroll had unwillingly entered the plea agreement upon Short's advice and Carroll was innocent of the charges. At a subsequent hearing, the district court granted Carroll's motion to withdraw his plea, and trial was rescheduled for January 26, 2011.

Two weeks before trial, on January 13, 2011, Carroll entered a second plea agreement with the State. In this agreement, Carroll pled no contest to one count of aggravated indecent liberties with a child, an off-grid felony. In exchange, the State would recommend the district court sentence Carroll to a severity level 3 sentence with a criminal history of B. In addition, the State would not oppose Carroll's motion for a downward durational departure. At the plea hearing, the court found that Carroll had freely, voluntarily, and knowingly entered the plea and a factual basis supported his plea. It accepted Carroll's plea and found him guilty of one count of aggravated indecent liberties with a child.

On January 26, 2011, Carroll appeared for sentencing. Fern requested the court depart to 55 months in prison. The court denied the request but accepted the State's recommendation to depart from the presumptive life sentence. It also granted an additional durational departure sentence by imposing a term of 200 months' imprisonment.

On June 13, 2011, Carroll filed a pro se motion to withdraw his no contest plea. Carroll alleged that his plea was not knowingly or voluntarily made due to false and misleading statements made by Fern. Carroll claimed he was innocent but Fern told him

if he did not plead guilty he would serve a minimum of 25 years in prison. He also alleged Fern attempted to coerce him to accept the plea by telling him he was guaranteed to get probation and "the matter would be put to rest."

On July 18, 2011, the district court summarily dismissed the motion. After reviewing the transcript of the plea hearing, the court found Carroll's plea was knowingly and voluntarily made. Furthermore, the court found that Carroll had failed to establish manifest injustice.

On review, the Kansas Court of Appeals affirmed the district court's finding in *State v. Carroll*, No. 107,279, 2013 WL 1149684 (Kan. App. 2013) (unpublished opinion). The *Carroll* court found the record demonstrated that he had voluntarily signed the agreement and there was no evidence to suggest that he believed he was going to receive probation if he entered a plea. Thus, the district court did not abuse its discretion in denying Carroll's motion to withdraw his plea. 2013 WL 1149684, at *4-5.

While the denial of his motion to withdraw his second plea was on appeal, Carroll filed two more motions to withdraw his plea. In his first motion, he alleged he had been "manipulated, deceived, tricked, or misrepresented" by Fern but did not provide any specific allegations. In his second motion, he alleged Fern had told him, "I had two choices; which were to do a life [sentence] or take a plea bargain for 200 months."

After the *Carroll* ruling, Carroll filed a fourth motion to withdraw a guilty plea on October 4, 2013. The motion was, for the most part, indecipherable. Nonetheless, Carroll did appear to argue that the Kansas Court of Appeals did not have jurisdiction to hear the appeal of the district court's denial of his first motion to withdraw. He also appeared to argue his sentence was illegal because the district court judge who imposed it had since retired.

4

The district court summarily dismissed Carroll's motion. The court noted that both of Carroll's arguments were simply wrong. Furthermore, neither of them necessitated an evidentiary hearing or equated to manifest justice under K.S.A. 2015 Supp. 22-3210. Carroll appeals. We affirm.

For the first time on appeal, Carroll argues Fern provided ineffective assistance of counsel because he did not advise Carroll of his "legal right to appeal the findings of the [district court]." Carroll contends this error establishes manifest injustice and he should be allowed to withdraw his plea.

The State argues that Carroll raises this argument for the first time on appeal and he does not explain why we should hear this argument for the first time on appeal. It further contends Carroll had abandoned the arguments he raised before the district court and he has failed to establish manifest injustice.

The district court may set aside a guilty plea after sentencing to correct manifest injustice. K.S.A. 2015 Supp. 22-3210(d)(2). This court has interpreted the phrase "manifest injustice" to mean "'obviously unfair'" or "'shocking to the conscience.'" *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 681 (2007). Generally, an appellate court will not disturb a district court's denial of a postsentence motion to withdraw a plea absent an abuse of discretion. *State v. Davisson*, 303 Kan. 1062, 1064-65, 370 P.3d 423 (2016). When a district court summarily denies a postsentence motion to withdraw a plea without argument or additional evidence, however, appellate review is de novo. This is because the appellate court has the same access to the motions, records, and files as the district court. *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014).

Carroll's motion to withdraw his plea was virtually unintelligible, and the arguments the district court was able to decipher were completely without merit. Assuming, for the sake of argument, the Court of Appeals did not have jurisdiction to hear the appeal of Carroll's last motion to withdraw, this is unrelated to the

5

conditions under which Carroll entered his plea. Additionally, whether Carroll's sentencing judge has since retired has no bearing on the legality of his sentence. See K.S.A. 22-3504. Furthermore, Carroll abandons these arguments by failing to brief them to us. See *State v. Williams*, 303 Kan. 750, 758-59, 368 P.3d 1065 (2016) (An issue not briefed by the appellant is deemed waived and abandoned.).

For the first time on appeal, Carroll raises the argument that Fern did not inform him of his right to appeal. Issues not raised before the trial court cannot be raised on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). There are several exceptions to the general rule that a new legal theory may be asserted for the first time on appeal, including the following:  (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008), *cert. denied* 555 U.S. 1178 (2009).

Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. In *State v. Williams*, 298 Kan. 1075, 1085-86, 319 P.3d 528 (2014), the Supreme Court held that litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. Thereafter, the Supreme Court held that Rule 6.02(a)(5) would be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

Carroll argues on appeal that Fern did not inform him of his right to appeal "the court's determination." Carroll did not raise this issue in his most recent motion to withdraw, nor did he raise it in any of his previous motions. He also did not argue in his

6

motion why we should hear his argument for the first time on appeal, nor do any of the exceptions appear to apply. We deem this issue waived and abandoned.

Additionally, res judicata bars Carroll's argument that he should be allowed to withdraw his plea due to Fern's ineffective assistance of counsel. Kansas has four requirements to apply res judicata: "(1) identity in the thing sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of persons for or against whom claim is made." *State v. Robertson,* 298 Kan. 342, 344, 312 P.3d 361 (2013); see also *State v. Williams*, 303 Kan. 605, 608, 366 P.3d 1101 (2016) (applying res judicata to successive motions to withdraw plea); *State v. Kelly*, 291 Kan. 868, 874-75, 248 P.3d 1282 (2011) (applying res judicata to postsentencing withdrawal of plea).

In this case, Carroll is suing for the same thing he sued for in *Carroll*, 2013 WL 1149684, *i.e.*, leave to withdraw his plea. Moreover, he is suing for leave to withdraw his plea due to ineffective assistance of counsel on the part of Fern. The parties and the cause of action are the same, and Carroll was the proponent of his position in his previous motion. Any claim Carroll had against Fern should have been brought in his first motion, and the doctrine of res judicata now bars him from bringing further claims.

Finally, Carroll's argument on appeal is also without merit. He argues Fern did not inform him of "his legal right to appeal the findings of the [district court]." Presumably, Carroll means Fern did not inform him of his right to appeal his sentence because there is no right of appeal for a judgment of conviction based on a guilty or no contest plea. See K.S.A. 2015 Supp. 22-3602(a).

When a defendant files a postsentence motion to withdraw plea under K.S.A. 2015 Supp. 22-3210(d) alleging ineffective assistance of counsel, counsel's deficient performance must meet the constitutional standards articulated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674, *reh. denied* 467 U.S.

7

1267 (1984), to demonstrate manifest injustice. *State v. Bricker*, 292 Kan. 239, 245, 252 P.3d 118 (2011). "The defendant must show that counsel's performance fell below the standard of reasonableness and that there was a reasonable probability that, but for counsel's errors, the defendant would not have entered the plea and would have insisted on going to trial." 292 Kan. 239 Syl. ¶ 5. In his brief, Carroll does not even attempt to demonstrate that there is a reasonable probability he would have insisted on going to trial if Fern had informed him of his right to appeal his sentence pursuant to his plea agreement.

In support of his argument, Carroll also cites *Brown v. State*, 278 Kan. 481, 101 P.3d 1201 (2004). In *Brown*, an attorney failed to inform a defendant of his right to appeal the district court's denial of his K.S.A. 60-1507. 278 Kan. at 482. Our Supreme Court found the defendant's attorney was ineffective, and the defendant was allowed to file an appeal out of time. 278 Kan. at 485.

Carroll suggests that *Brown* establishes that failure to inform a defendant of his or her right to appeal is ineffective assistance of counsel. He further reasons that his plea should be set aside in order to correct this "manifest injustice" or he will be left without a remedy. *Brown* clearly demonstrates, however, that if an attorney fails to inform his or her client of the right to appeal, the proper remedy is an out-of-time appeal. Nothing in *Brown* suggests this kind of failure on the part of an attorney could compel a defendant to enter a plea agreement against his or her wishes.

Affirmed.