No. 111,580

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERRY D. MCINTYRE,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee.*


SYLLABUS BY THE COURT


1.

Under K.S.A. 22-4506(b), if the district court finds that a K.S.A. 60-1507 motion presents substantial questions of law or triable issues of fact the movant has a statutory right to the effective assistance of counsel regardless of indigency.


2.

Under K.S.A. 22-4506(c), if an appeal is taken in a K.S.A. 60-1507 cause of action the movant has a statutory right to the effective assistance of counsel regardless of indigency.


Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion on remand filed September 1, 2017. Reversed and remanded with directions.

*Randall L. Hodgkinson* and *Janine Cox*, of Kansas Appellate Defender Office, for appellant.

*Natalie Yoza* and *Patrick J. Hurley*, assistant district attorneys, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL and BUSER, JJ.


1

BUSER, J.: This case returns to our court on remand from the Supreme Court with directions to resolve the legal issue previously presented to us: Did Terry D. McIntyre have a statutory right to the effective assistance of retained counsel in his appeal of an adverse K.S.A. 60-1507 judgment?

Upon our review, we make two legal conclusions: First, under K.S.A. 22-4506(b), if the district court finds that a K.S.A. 60-1507 motion presents substantial questions of law or triable issues of fact the movant has a statutory right to the effective assistance of counsel regardless of indigency. Second, under K.S.A. 22-4506(c), if an appeal is taken in a K.S.A. 60-1507 cause of action the movant has a statutory right to the effective assistance of counsel regardless of indigency.

Applying these two legal conclusions to the unique facts of this case, we reverse the district court's summary denial of McIntyre's second K.S.A. 60-1507 motion and remand with directions to consider whether McIntyre's retained counsel provided ineffective assistance in the appeal of the denial of McIntyre's first K.S.A. 60-1507 motion.

FACTUAL AND PROCEDURAL BACKGROUND

This case has a long and involved procedural history which is summarized below. On December 8, 2000, McIntyre was convicted of aggravated kidnapping, kidnapping, aggravated robbery, aggravated criminal sodomy, and rape. He was sentenced to 645 months' imprisonment. Our court affirmed the convictions in *State v. McIntyre*, No. 86,715 (Kan. App.) (unpublished opinion), *rev. denied* 274 Kan. 1116 (2002). During the direct appeal, McIntyre was represented by Autumn L. Fox.

On April 24, 2002, McIntyre brought a pro se legal malpractice lawsuit against his trial counsel, James Rumsey. The district court granted summary judgment to Rumsey,

2

and our court affirmed. *McIntyre v. Rumsey*, No. 90,200, 2003 WL 22990205, at *4 (Kan. App. 2003) (unpublished opinion).

On September 23, 2002, McIntyre filed a pro se K.S.A. 60-1507 motion, asserting that Rumsey provided ineffective assistance at trial and Fox provided ineffective assistance on direct appeal. McIntyre appeared pro se during the four-day evidentiary hearing on his motion. On May 3, 2005, the district court denied the K.S.A. 60-1507 motion and filed a memorandum opinion finding that McIntyre's ineffectiveness claims were "without any merit whatsoever."

McIntyre filed an appeal of this adverse decision and retained John W. Fay as appellate counsel. As part of his duties and responsibilities as appellate counsel, Fay prepared and filed the appellant's brief. On May 4, 2007, our court affirmed the district court's judgment denying McIntyre's K.S.A. 60-1507 motion, and the Supreme Court denied review on October 1, 2007. *McIntyre v. State*, No. 94,786, 2007 WL 1309576 (Kan. App. 2007) (unpublished opinion).

McIntyre sought federal habeas corpus relief in March 2008. But his writ was denied by the United States District Court for the District of Kansas in February 2011, the Tenth Circuit Court of Appeals denied his appeal on May 9, 2012, and the United States Supreme Court denied certiorari on November 26, 2012.

More than 10 years after our Supreme Court denied McIntyre's petition for review of our court's affirmance on direct appeal on December 17, 2012, McIntyre filed a second K.S.A. 60-1507 motion. This second motion is the subject of this appeal. In the motion, McIntyre claimed that his retained counsel, Fay, had provided ineffective assistance of counsel in the appeal of the denial of McIntyre's first K.S.A. 60-1507 motion. In particular, McIntyre asserted that Fay had not included issues and arguments in the

3

appellant's brief which McIntyre believed should have been raised before our court on appeal.

On April 12, 2013, the district court filed a written opinion summarily denying McIntyre's second K.S.A. 60-1507 motion. In denying the motion, the district court did not address whether it had been filed in a timely manner. See K.S.A. 60-1507(f)(2). The district court also did not address the merits of whether Fay was ineffective in preparing the appellant's brief in the first K.S.A. 60-1507 proceeding.

Instead, the district court held:

> "Petitioner had no right to counsel pursuant to the Sixth Amendment or his appeal of the denial of his Writ. Additionally, he was not indigent as he was able to retain John Fay. There is no rule that says retained counsel in a civil collateral attack of a criminal conviction must be effective."

In short, the district court concluded that McIntyre did not have a constitutional or statutory right to the effective assistance of retained counsel in the appeal of the denial of his first K.S.A. 60-1507 motion.

On April 22, 2013, McIntyre filed a pro se motion asking the district court to amend its order of denial. That motion was denied on November 12, 2013. In denying the motion to reconsider or amend, the district court noted that McIntyre's motion did not address or provide legal support to challenge the basis for the district court's ruling—that McIntyre did not have a right to the effective assistance of retained counsel in the appeal of the denial of his first K.S.A. 60-1507 motion. The district court concluded:

> "Mr. McIntyre does not meet the requirements under K.S.A. 22-4506. . . . On appeal of the denial of the [K.S.A.] 60-1507 motion, Mr. McIntyre retained John Fay to handle his case. By retaining Mr. Fay to handle his appeal, Mr. McIntyre demonstrated that he was

4

not indigent, and thus had no right to the appointment of effective counsel in accordance with K.S.A. 22-4506(b). Because of this, Mr. McIntyre does not have a claim for ineffective assistance of counsel under the statute."

McIntyre filed a timely notice of appeal to our court on November 19, 2013. In the appeal, McIntyre contended the district court committed reversible error when it summarily denied his second K.S.A. 60-1507 motion on the basis that he had no right to the reasonable assistance of retained counsel in the appeal of the denial of his first K.S.A. 60-1507 motion. In response, the State presented several alternative arguments, including that McIntyre's second K.S.A. 60-1507 motion was not timely filed and that the claims of his appellate attorney's ineffectiveness were meritless, hence the district court was correct in ruling that McIntyre did not have a constitutional or statutory right to effective assistance of retained appellate counsel.

On June 19, 2015, our court filed an unpublished opinion affirming the district court's summary denial of McIntyre's second K.S.A. 60-1507 motion. *McIntyre v. State*, No. 111,580, 2015 WL 4094258, at *3 (Kan. App. 2015) (unpublished opinion). We concluded that McIntyre's motion was not timely filed within the one-year time limitation as required by K.S.A. 60-1507(f) and that he had not claimed or briefed any exception for manifest injustice as permitted under K.S.A. 60-1507(f)(2). 2015 WL 4094258, at *3. Because we held that McIntyre's second K.S.A. 60-1507 motion was procedurally barred, we declined to review the reason for the district court's summary denial ruling. We concluded, however, that the district court reached the correct result for a different reason and, accordingly, affirmed the summary denial. 2015 WL 4094258, at *3; see *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015).

McIntyre filed a petition for review which was granted by our Supreme Court on March 31, 2016. Upon its review, the Supreme Court reversed our decision in a published opinion filed on December 23, 2016. It concluded:  "Implicit in the [Court of Appeals']

5

opinion was the premise that the statutory time limitation is not a defense that the State may waive by failing to raise the argument to the district court. *McIntyre v. State*, 305 Kan. 616, 617, 385 P.3d 930 (2016). Moreover, the Supreme Court determined that "[i]n order for the district court to consider the merits of McIntyre's motion, it therefore had to reach the threshold conclusion that it was extending the filing time to prevent manifest injustice." 305 Kan. at 617-18. Accordingly, the Supreme Court reversed our affirmance of the district court based on the procedural bar of K.S.A. 60-1507(f) and remanded the case to our court with directions to resolve the issue McIntyre raised in his brief on appeal. 305 Kan. at 618.

STATUTORY RIGHT TO EFFECTIVE ASSISTANCE OF RETAINED
COUNSEL IN K.S.A. 60-1507 APPEALS

On appeal, McIntyre contends the district court erred in its legal conclusion that K.S.A. 60-1507 movants who are represented by retained appellate counsel do not have a statutory right to the effective assistance of counsel. As McIntyre frames the issue:

> "In every instance, except the direct appeal from the denial of his [first K.S.A. 60-]1507 petition, Mr. McIntyre has been found indigent and has been afforded the assistance of counsel. In each of those instances counsel have been obligated to meet either the constitutional or statutory requirement of providing effective assistance of counsel. It is only in the single instance when Mr. McIntyre was somehow able to secure funds to retain counsel that he had no protection from ineffective representation."

In response, the State does not rebut McIntyre's claim that he had a right to effective assistance of retained appellate counsel or defend the district court's legal conclusion that McIntyre did not have that statutory right. Instead, the State argues that regardless of whether appellate counsel was retained or appointed, McIntyre's numerous individual claims of ineffectiveness were meritless such that he was not entitled to relief and this fact was "inherently built into the district court's finding there is no base line

6

right to counsel when you waive your right to counsel and subsequently retain appellate counsel in a civil matter." The State then concludes: "If the Court [of Appeals] believes [the] district court's decision was error, it was harmless because the record, motion and files demonstrated McIntyre was not entitled to any relief."

Preliminarily, McIntyre acknowledges there is no constitutional right to effective assistance of counsel in K.S.A. 60-1507 proceedings because these causes of action are civil, rather than criminal, in nature. See *Robertson v. State*, 288 Kan. 217, 228, 201 P.3d 691 (2009); *Brown v. State*, 278 Kan. 481, 483, 101 P.3d 1201 (2004) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 [1987]). Moreover, both parties agree that *indigent* movants have a conditional statutory right to the effective assistance of appointed counsel in K.S.A. 60-1507 proceedings. What makes this case unique is that we are presented with the question of whether K.S.A. 22-4506 provided McIntyre with a statutory right to the effective assistance of *retained* counsel in his appeal of the denial of his first K.S.A. 60-1507 motion.

The focus of this appeal, therefore, is on the meaning of K.S.A. 22-4506. Our standard of review provides that the interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Weststar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). In considering the meaning of K.S.A. 22-4506 we start with the most fundamental rule of statutory construction which is that the intent of the legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). As an appellate court, we first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

At the outset, in denying McIntyre's second K.S.A. 60-1507 motion, the district court relied on K.S.A. 22-4506(b). On appeal, McIntyre also addresses this issue in the

context of K.S.A. 22-4506(b). We conclude, however, that subsections (b) and (c) of K.S.A. 22-4506 are relevant to the analysis. As a result, we will apply these two subsections separately.

*K.S.A. 22-4506(b)*

K.S.A. 22-4506(b) provides in relevant part: "If the court finds that the petition or motion presents *substantial questions of law or triable issues of fact* and if the petitioner or movant has been or is thereafter determined to be an indigent person . . . , the court shall appoint counsel . . . to assist such person." (Emphasis added.) See *Albright v. State*, 292 Kan. 193, 199, 251 P.3d 52 (2011). Kansas Supreme Court Rule 183(i) (2017 Kan. S. Ct. R. 224) mirrors the statutory scheme of K.S.A. 22-4506(b) when it states: "Right to Counsel. If a motion to vacate, set aside, or correct a sentence presents a substantial question of law or triable issue of fact, the court must appoint counsel to represent an indigent movant."

K.S.A. 22-4506 is part of the Indigents' Defense Services Act. See K.S.A. 22-4501 et seq. Within the provisions of this Act, however, the legislature has provided K.S.A. 60-1507 movants a statutory right to counsel whenever their "petition or motion presents substantial questions of law or triable issues of fact." K.S.A. 22-4506(b). Once the district court determines that legal standard is met, the statutory right to counsel attaches. Moreover, to insure this important right is afforded to movants who do not have sufficient funds to retain counsel, the statute also provides that indigent movants will have the benefit of appointed counsel to assist them.

In our view, the statutory right to counsel established by K.S.A. 22-4506(b) is predicated upon the apparent *merits* of the K.S.A. 60-1507 motion, rather than the financial *means* of the movant. Once a district court determines the motion presents substantial questions of law or triable issues of fact, the statutory right to counsel

8

attaches, regardless of the movant's indigency. And once the statutory right to counsel attaches, the movant is entitled to effective representation by counsel, whether appointed or retained. As our Supreme Court has stated, "[K.S.A.] 60-1507 movants who have counsel are entitled to effective assistance of that counsel." *Albright*, 292 Kan. at 207.

This interpretation not only makes good sense, more importantly, it also serves the obvious legislative purpose of K.S.A. 22-4506(b). As our Supreme Court has observed, to establish a statutory right to counsel "but then refuse to require some modicum of competence by such counsel, seems repugnant to the obvious legislative intent.' [Citation omitted.]" *Brown*, 278 Kan. at 484; see *Albright*, 292 Kan. at 207 ("regardless of the source of the right, a right to counsel, to be meaningful, necessarily includes the right to effective assistance of counsel"). By its plain words, K.S.A. 22-4506(b) implements the legislature's intent to safeguard a movant's right to be represented by counsel who will provide effective legal assistance.

Returning to the facts of McIntyre's case, the district court had three options when it reviewed his first K.S.A. 60-1507 motion. The district court could have (1) summarily denied the motion if it determined that the motion, files, and case records conclusively showed McIntyre was entitled to no relief, (2) held a preliminary hearing if it determined from the motion, files, and records that a potentially substantial issue existed, or (3) *conducted a full hearing if it determined from the motion, files, records, or preliminary hearing that a substantial issue was presented*. See *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

In McIntyre's case, the district court conducted a four-day evidentiary hearing on his first K.S.A. 60-1507 motion. By holding this hearing, the district court employed the third option available to it under the *Sola-Morales* rubric. As a result, it is apparent the district court concluded that McIntyre's motion presented one or more "substantial questions of law or triable issues of fact," K.S.A. 22-4506(b). This finding also meant

9

that, with regard to McIntyre's first K.S.A. 60-1507 motion, his statutory right to effective assistance of counsel had attached at the time of the evidentiary hearing.

Of note, despite K.S.A. 22-4506(b) affording McIntyre the statutory right to effective assistance of counsel under the circumstances, McIntyre appeared pro se at the evidentiary hearing. On appeal, McIntyre does not complain about not having the assistance of counsel at the evidentiary hearing. Rather, his second K.S.A. 60-1507 motion specifically challenges the legal assistance he received from appellate counsel he retained after he filed his notice of appeal of the denial of his first K.S.A. 60-1507 motion.

*K.S.A. 22-4506(c)*

This brings us to subsection (c) of K.S.A. 22-4506. K.S.A. 22-4506(c) provides: "If an appeal is taken in such [K.S.A. 60-1507] action and if the trial court finds that the petitioner or movant is an indigent person, the trial court shall appoint counsel to conduct the appeal." See *Guillory v. State*, 285 Kan. 223, 228-29, 170 P.3d 403 (2007). Similarly, Kansas Supreme Court Rule 183(m) (2017 Kan. S. Ct. R. 224) states: "If a movant desires to appeal and contends the movant is without means to employ counsel to perfect the appeal, the district court must, if satisfied that the movant is indigent, appoint competent counsel to conduct the appeal." See *Albright*, 292 Kan. at 199. In short, under K.S.A. 22-4506(c), the legislature has also extended the statutory right to counsel to movants who appeal from an adverse K.S.A. 60-1507 judgment.

As is immediately apparent, unlike subsection (b), subsection (c) does not condition the right to counsel on the presence of substantial questions of law or triable issues of fact in the K.S.A. 60-1507 motion. By the plain language of K.S.A. 22-4506(c), even if a K.S.A. 60-1507 movant fails to meet the subsection (b) requirements for

10

appointed counsel at the district court level, once a notice of appeal is filed, the statutory right to counsel attaches to the movant.

In arriving at this interpretation, we rely on Supreme Court Rule 183(m) and our Supreme Court's discussion of *Guillory* in *Albright*, wherein the Supreme Court explained that a "pro se [K.S.A.] 60-1507 movant who fails to meet th[e] threshold [showing of substantial legal issues or triable issues of fact,] does have a right to appointment of counsel on appeal 'but not until after a notice of appeal has been filed.' [Citations omitted.]" *Albright*, 292 Kan. at 203 (quoting *Guillory*, 285 Kan. at 228-29); see *State v. Lewis*, No. 110,110, 2014 WL 2871381, at *2 (Kan. App. 2014) (unpublished opinion) ("If [K.S.A. 60-1507 movants] do not meet the threshold showing, [i.e., that they are raising substantial legal issues or triable issues of fact,] they only have a right to counsel on appeal, after the notice of appeal has been filed."), *rev. denied* 301 Kan. 1050 (2015); *Ludlow*, 2011 WL 5833609, at *4.

Does this right to the effective assistance of appellate counsel attach to movants who retain counsel? We think so. As in the interpretation of K.S.A. 22-4506(b), we conclude that K.S.A. 22-4506(c) provides a movant who files an appeal in a K.S.A. 60-1507 proceeding with the right to the effective assistance of counsel regardless of the movant's financial means.

In arriving at this conclusion, we are persuaded that the following remarks which the United States Supreme Court made in *Cuyler v. Sullivan*, 446 U.S. 335, 344-45, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980), regarding the Sixth Amendment right to counsel, apply with equal force in the context of the statutory right to counsel afforded by K.S.A. 22-4506: "We may assume with confidence that most counsel, whether retained or appointed, will protect the rights of an accused. But experience teaches that, in some cases, retained counsel will not provide adequate representation." *Cuyler*, 446 U.S. at 344. Whether the source of the right emanates from the United States Constitution or a

11

Kansas statute, there is simply "no basis for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers." 446 U.S. at 344-45.

Although by holding an evidentiary hearing, the district court had already determined that the motion had raised substantial questions of law or triable issues of fact, under K.S.A. 22-4506(b), McIntyre's filing of the notice of appeal also triggered the right to effective appellate counsel regardless of indigency under K.S.A. 22-4506(c). In this second K.S.A. 60-1507 motion which is before us, McIntyre claims his retained appellate counsel was ineffective in preparing the appellant's brief in the first K.S.A. 60-1507 proceeding. Under a plain reading of K.S.A. 22-4506(c) we hold the district court erred in concluding as a matter of law that McIntyre did not have a statutory right to the effective assistance of retained appellate counsel.

Our court has addressed a similar case in an unpublished opinion and held that although K.S.A. 22-4506 refers to appointing counsel for indigent movants, the statutory right to effective assistance of counsel applies regardless of whether the movant's counsel is appointed or retained. *Ludlow*, 2011 WL 5833609, at *3.

In *Ludlow*, after our Supreme Court affirmed his convictions of second-degree murder, attempted first-degree murder, and theft, Ludlow retained counsel to file a K.S.A. 60-1507 motion alleging that his trial and appellate counsel were ineffective. 2011 WL 5833609, at *1. After an evidentiary hearing, the district court denied the K.S.A. 60-1507 motion and our court affirmed the denial. 2011 WL 5833609, at *1. Ludlow asked his retained appellate counsel to file a petition for review with the Supreme Court, but the petition was never filed. Sometime later, Ludlow filed an untimely second K.S.A. 60-1507 motion and other motions asking the district court to find that his retained appellate counsel had engaged in ineffective assistance by failing to timely file a petition for

12

review of our Court of Appeals' affirmance of the denial of his first K.S.A. 60-1507 motion. These motions were denied by the district court and consolidated for appeal.

On appeal, the State urged our court to find "the statutory right to effective assistance of counsel only applies to indigents with appointed counsel, and thus Ludlow ha[d] no colorable claim [of ineffectiveness] because he had retained counsel." 2011 WL 5833609, at *3. Our court disagreed. After finding that the district court should have considered the merits of Ludlow's ineffective assistance of counsel claim to prevent manifest injustice, our court determined that the record was sufficient to address, for the first time on appeal, the merits of Ludlow's claim of ineffective assistance of retained appellate counsel. 2011 WL 5833609, at *3.

Citing our Supreme Court's decision in *Albright*, wherein the Supreme Court determined that a K.S.A. 60-1507 movant was entitled to pursue an untimely appeal because his appointed counsel performed deficiently in failing to file a notice of appeal, our court found in *Ludlow* that the statutory right to counsel set forth in K.S.A. 22-4506(b) depended upon "the factual and legal issues raised in the [K.S.A.] 60-1507 motion, and not on the movant's indigent status. [*Albright*,] 292 Kan. at 199." *Ludlow*, 2011 WL 5833609, at *3. Our court explained, "To hold . . . that appointed counsel for an indigent must be effective whereas retained counsel for a nonindigent does not have to be effective, is illogical. Appointed and retained counsel must be effective when there are 'substantial questions of law or triable issues of fact.' [Citation omitted.] Ludlow had a right to effective assistance of counsel." 2011 WL 5833609, at *3; see *State v. Maddox*, No. 113,621, 2016 WL 7031839, at *3 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* January 3, 2017.

Similarly, our court in *Ludlow* also found K.S.A. 22-4506(c) to be applicable in providing the K.S.A. 60-1507 movant with the right to effective assistance of appellate counsel. Our court observed that the alleged ineffectiveness occurred after the notice of

13

appeal was filed and that "even if the statutory right to effective assistance of counsel did not attach at the district court level, the right had attached at the time of [retained counsel's] alleged failure to file a petition for review with the Kansas Supreme Court." 2011 WL 5833609, at *4.

Based on our reading of the plain language of K.S.A. 22-4506(b) and (c) we hold that McIntyre had a statutory right to receive effective assistance from his retained counsel on appeal of the district court's denial of his first K.S.A. 60-1507 motion.

We decline the State's invitation to find the district court's erroneous legal conclusion to be harmless error because such a finding would require us, as an appellate court, to resolve factual matters related to the claimed ineffectiveness of retained appellate counsel and the record on appeal is insufficient for de novo review. See *Wimbley v. State*, 292 Kan. 796, 807, 275 P.3d 35 (2011).

We reverse the district court's denial of McIntyre's second K.S.A. 60-1507 motion. We remand with directions to consider whether McIntyre's retained appellate counsel provided ineffective assistance on appeal of the denial of McIntyre's first K.S.A. 60-1507 motion.

Reversed and remanded with directions.